# FOR PUBLICATION



FILED
FEB - 5 2007
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY           Deputy Clerk



ENTERED
FEB - 6 2007
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY           Deputy Clerk

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>DONALD J. BRUN,<br><br>          Debtor.<br>_____<br>JAMES J. JOSEPH, Chapter 7 Trustee,<br><br>          Plaintiff,<br>vs.<br><br>EVA MADRAY,<br><br>          Defendants. | Case No. SA 05-18954 JR<br><br>Adv. No. SA 05-01622 JR<br><br>Chapter 7<br><br><br><br>**MEMORANDUM OPINION**<br><br><br><br>Date:   December 13, 2006<br>Time:   3:30 P.M.<br>Place:   Courtroom 5A |

### I. INTRODUCTION

On December 1, 2005, James J. Joseph ("Plaintiff"), the chapter 7 trustee, commenced an adversary proceeding against Eva Madray ("Defendant") to recover the value of Donald J. Brun's ("Debtor") interest in real property located at 356 "Y" Place, Laguna Beach, California (the "Property"). On November 6, 2006, Defendant moved for summary adjudication that Plaintiff's recovery is limited to the value of the "asset" as defined by §§ 3439.01 *et seq.* of the California Civil Code

("Civil Code"), that is the non-exempt net equity in the Property at the time of the transfer. Plaintiff opposed and filed a cross-motion for summary adjudication to recover the current value of the Property. Following a hearing on December 13, 2006, I took the matter under submission to determine if applicable California law limits Plaintiff's recovery under § 550 of the Bankruptcy Code.[1]

## II. JURISDICTION

I have jurisdiction over this matter under 28 U.S.C. § 157(b)(1). This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (F), (O).

## III. STATEMENT OF FACTS

On August 10, 1998, Debtor acquired the Property. On April 24, 2002, Debtor executed a grant deed (the "Deed") transferring his interest in the Property to Defendant. The Deed was recorded the next day.

On October 12, 2005, Debtor filed a voluntary chapter 7 petition. On December 1, 2005, Plaintiff filed a complaint (the "Complaint") to avoid the transfer of Debtor's interest in the Property and recover the value of that interest. In the Complaint, Plaintiff alleged that the transfer of the Property to Defendant (the "Transfer") is avoidable as a fraudulent transfer pursuant to § 544 of the Code and §§ 3439.01 et seq. of the Civil

---

[1] Unless otherwise indicated, all chapter, section, and rule references are to the Bankruptcy Code (the "Code"), 11 U.S.C. §§ 101-1330, prior to its amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Act"), Pub. L. 109-8, 119 Stat. 23, because this case was filed before the Act's effective date (October 17, 2005), and to the Federal Rules of Bankruptcy Procedure (the "Rules"), Rules 1001-9036.

Code, and that the value of the Property is recoverable pursuant to Civil Code §§ 3439.05 and 3439.07.[2] Plaintiff prays for a judgment against Defendant for the total present-day market value of the property transferred.

On November 6, 2006, Defendant filed a motion (the "Motion") for summary adjudication that Plaintiff's recovery is limited to the value of the "asset" as defined by Civil Code §§ 3439.01 *et seq.*, that is the non-exempt net equity in the Property at the time of the Transfer. Plaintiff opposed and filed a cross-motion for summary adjudication that his recovery is not limited by California law. Plaintiff argues that once the Transfer is determined to be avoidable pursuant to § 544(b) and § 3439.04, he can recover the Property or the current fair market value of the equity in the Property, including any appreciation, pursuant to § 550(a), regardless of the limitations imposed by §§ 3439 *et seq.* Following a hearing on December 13, 2006, I took the matter under submission to determine whether Plaintiff's recovery is limited to the amount of non-exempt net equity in the Property at the time of the Transfer.

## IV. DISCUSSION

"Section 544(b) of the Bankruptcy Code permits the Trustee to stand in the shoes of a creditor to assert any state law claims that a creditor may have." Kupetz v. Wolf, 845 F.2d 842,

---

[2] Plaintiff and Defendant correctly recognize that, as discussed in further detail below, Plaintiff's recovery is governed by Code § 550, and not Civil Code §§ 3439.05 and 3439.07. Therefore, as requested by the parties, I will determine whether applicable California law limits Plaintiff's recovery under § 550. However, Plaintiff is advised to amend the Complaint to assert his recovery claim under the proper statute.

3

845 (9th Cir. 1988). Specifically, § 544 of the Code provides that "the trustee may avoid any transfer of an interest of the debtor in property . . . that is voidable under applicable law by a creditor holding an [allowable] unsecured claim . . . ." 11 U.S.C. § 544(b).

Under California law, an unsecured creditor may avoid a fraudulent "transfer" to the extent necessary to satisfy the creditor's claim.[3] See CAL. CIV. CODE §§ 3439.04, 3439.07. To the extent a transfer is voidable, the moving creditor may recover a judgment for the value of the "asset" transferred at the time of the transfer, or the amount necessary to satisfy the creditor's claim, whichever is less. Id. § 3439.08. A "transfer", as defined by California law, "means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with *an asset or an interest in an asset*, and includes payment of money, release, lease, and creation of a lien

---

[3] A transfer is fraudulent if the debtor made the transfer or incurred the obligation as follows:

> (1) With actual intent to hinder, delay, or defraud any creditor of the debtor.
> (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either
> (A) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.
> (B) Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

CAL. CIV. CODE § 3439.04(a).

or other encumbrance." Id. § 3439.01 (emphasis added). An "asset" means unencumbered, non-exempt equity in property of a debtor.[4] Id. Therefore, a creditor may avoid a debtor's fraudulent disposition of the unencumbered, non-exempt value in property to the extent of its claim.

Once a trustee demonstrates the right to avoid a transfer, "[the] trustee must then establish the *amount* of recovery" pursuant to § 550(a). See Acequia, Inc. v. Clinton (In re Acequia, Inc.), 34 F.3d 800, 809 (9th Cir. 1994) (emphasis in original). Section 550 provides in relevant part that:

> [T]o the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from
> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
> (2) any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550(a)(1)-(2). Put simply, § 550 identifies the parties liable for repayment of the avoided or avoidable transfer, and empowers the trustee to recover the property

---

[4] Section 3439.01 provides in relevant part that:

> (a) "Asset" means property of a debtor, but the term does not include, the following:
> (1) Property to the extent it is encumbered by a valid lien.
> (2) Property to the extent it is generally exempt under nonbankruptcy law.
> (3) An interest in property held in tenancy by the entireties to the extent it is not subject to process by a creditor holding a claim against only one tenant.

5

transferred or its value for the benefit of the estate. See Crafts Plus+, Inc. v. Foothill Capital Corp. (In re Crafts Plus+), 220 B.R. 331, 334 (Bankr. W.D. Tex. 1998). Furthermore, § 550 "enunciates the separation between the concepts of avoiding a transfer and recovering from the transferee." H.R. REP. NO. 95-595, at 375 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6331; S. REP. NO. 95-989, at 90 (1978) reprinted in 1978 U.S.C.C.A.N. 5787, 5876.

For this reason, courts have held that the amount of the trustee's recovery should not be limited by the amount of the creditor's claim. See Acequia, 34 F.3d at 809; see also Decker v. Voisenat (In re Serrato), 214 B.R. 219, 232 (Bankr. N.D. Cal. 1997); Stalnaker v. DLC, Ltd. (In re DLC, Ltd.), 295 B.R. 593, 607 (8th Cir. BAP 2003) (holding that a trustee may recover the entire transfer, as opposed to only the amount necessary to satisfy the creditors' claims). In Acequia, the debtor in possession commenced an action to recover, as fraudulent under § 544(b) and Idaho law, certain pre-petition transfers by the debtor's shareholder, Clinton. Acequia, 34 F.3d at 804. The magistrate judge determined that the subject transfers were fraudulent, "[h]owever, reasoning that Acequia's avoidance rights under section 544(b) derive from those of its unsecured creditors, . . . limited the corporation's section 544(b) recovery to the total amount of unsecured claims against the bankruptcy estate." Id. at 807. On appeal, the Ninth Circuit ruled that the magistrate judge erred by imposing this cap on the debtor's § 544(b) recovery. Id. at 809. In reaching its decision, the Ninth Circuit emphasized the separation between the

concepts of avoiding a transfer and recovery from a transferee. Id. Consequently, the trustee may avoid a fraudulent transfer in excess of the amount of the unsecured creditors' claims where the recovery will accrue "for the benefit of the estate." Id. 809-11; see also Voisenat, 214 B.R. at 231-32 (holding that the limitation imposed by Civil Code § 3439.07, expressly limiting the avoidance of a transfer to the extent necessary to satisfy the creditor's claim, did not limit the trustee's recovery in bankruptcy).

However, courts in the Ninth Circuit have not been entirely consistent regarding the impact of the recovery limitations imposed by §§ 3439 et seq. on actions to avoid and recover pursuant to §§ 544(b) and 550(a). In Decker v. Tramiel (In re JTS Corp.), 2006 WL 2844581, *5 (N.D. Cal. 2006) (slip copy), the trustee commenced an adversary proceeding to avoid the debtor's sale of certain real property for $10,000,000 pursuant to § 544(b) and California law. Id. at *2. While the bankruptcy court concluded that the sale was fraudulent, it reduced the amount of the transferee's liability by the amount he paid to the debtor pursuant to § 3439.08(d).[5] The trustee appealed, arguing that the bankruptcy court's calculation of liability was erroneous. The trustee argued that once the avoidability of the transfer is determined pursuant to state law, the amount of the

---

[5] Section 3439.07 provides that a creditor, subject to the limitations in § 3439.08, may obtain avoidance of a fraudulent transfer to the extent necessary to satisfy the creditor's claim. Section 3439.08(d) provides that "[n]otwithstanding voidability of a transfer . . . a good faith transferee . . . is entitled, to the extent of the value given the debtor for the transfer . . . a reduction in the amount of the liability on the judgment."

7

transfer is determined pursuant to § 550(a), and that any limit on liability imposed by state law should be disregarded. The district court disagreed. Specifically, the district court found persuasive the fact that two other courts had "assumed that state law setoff provisions like the one at issue are swept into 11 U.S.C. § 544(b) along with provisions defining a fraudulent conveyance." Id. at *5. Moreover, the court stated that while § 3439.08 is a limit on liability rather than on avoidability, "the statutory provision authorizing avoidance states expressly that a creditor may obtain avoidance 'subject to the limitations in Section 3439.08.'" Id. Therefore, the court held that the bankruptcy court properly permitted the transferee to set off the value he gave for the real property at issue. Id.

As can be seen from the above discussion, the interplay between the Code and California fraudulent conveyance law is far from settled. The parties have not cited, and I have not discovered any cases specifically deciding the issue here. Nonetheless, a plain reading of §§ 549 and 550, and Civil Code §§ 3439 et seq., relevant case law, and general principles of bankruptcy law support the conclusion that Plaintiff may recover the current fair market value of any equity in the Property.

Here, Plaintiff seeks to avoid the transfer of Debtor's interest in the Property to Defendant via the Deed. Plaintiff may avoid the Transfer if a creditor holding an allowed claim could avoid the Transfer under applicable state law. See 11 U.S.C. § 544(b). Under controlling California fraudulent conveyance law, e.g. §§ 3439.01, 3439.04, and 3439.07, a creditor could not avoid the Transfer in its entirety. Rather, a creditor

is permitted to avoid only a "transfer". A "transfer" is the disposition of an "asset", which excludes property encumbered by a valid lien or exempt under non-bankruptcy law. As such, property that is fully encumbered and/or exempt is not voidable as a fraudulent transfer. See <u>Consolidated Pioneer Mortg. Entities v. San Diego Sav. & Loan (In re Consolidated Pioneer Mortg. Entities)</u>, 1999 WL 23156, *1 (9th Cir. 1999) ("[P]roperty encumbered by a valid security interest is not recoverable under California law."). Accordingly, Plaintiff, standing in the shoes of a creditor proceeding under California law, is entitled to avoid the Transfer only to the extent that Debtor disposed of unencumbered, non-exempt property with the intent to defraud, or while insolvent. See <u>Kendall v. Turner (In re Turner)</u>, 335 B.R. 140, 145 (Bankr. N.D. Cal. 2005) (stating that under California law, only the transfer of the "asset" is avoided).

Based on the above analysis, Defendant argues that Plaintiff's recovery is limited to Debtor's equity interest in the Property at the time of the Transfer. Defendant emphasizes that § 550(a) does not permit Plaintiff to recover more than is avoidable under § 544(b) and California law. Defendant is correct that a trustee's recovery may be made only "to the extent the transfer is avoided." See 11 U.S.C. § 550(a). However, a trustee may recover, for the benefit of the estate, the property transferred or its value. Accordingly, while Plaintiff can avoid the Transfer only to the extent Debtor transferred equity in the Property, Plaintiff may recover the "value" of that equity interest pursuant to § 550(a).

The Code neither defines "value" nor indicates at what time

"value" is to be determined. See Hirsch v. Steinberg (In re Colonial Realty Co.), 226 B.R. 513, 525 (Bankr. D. Conn. 1998). Typically, courts equate "value" with the fair market value of the subject property at the time of the transfer. See Hirsch, 226 B.R. at 525; see also Salven v. Munday (In re Kemmer), 265 B.R. 224, 235 (Bankr. E.D. Cal. 2001); Tramiel, 2006 WL 2844581, *6. This is especially true where the property depreciated in value after the transfer, or was not in the possession of the § 550 defendant. See Hirsch, 226 B.R. at 525; see also First Software Corp. v. Computers Assoc. Int'l. (In re First Software Corp.), 107 B.R. 417, 423 (D. Mass 1989); Hall v. Arthur Young & Co. (In re Computer Universe, Inc.), 58 B.R. 28, 32 (Bankr. M.D. Fla. 1986); 5 L. King, Collier on Bankruptcy ¶ 550.02[3] (15th ed. rev. 2001).

At least two courts have recognized that the trustee is entitled to recover the "greater of the value of the transferred property at the transfer date or the value at the time of the recovery." Collier on Bankruptcy, supra, ¶ 550.02[3]; see also Langhorne v. Warmus (In re American Way Serv. Corp.), 229 B.R. 496, 530-31 (Bankr. S.D. Fla. 1999) ("[W]hen the property has appreciated, the trustee is entitled to recover the property itself, or the value of the property at the time of judgment"); Govaert v. B.R.E. Holding Co., Inc. (In re Blitstein), 105 B.R. 133, 137 (Bankr. S.D. Fla. 1989) ("[T]he Trustee is entitled to at least a money judgment in the amount of the greater of the value at the time of the transfer; or the value at the time of recovery less the value of improvements made."). This makes sense. As noted by Collier, this result is consistent with the

well-established purpose of § 550, to restore the estate to the position it would have occupied had the property not been transferred.[6] See Collier on Bankruptcy, supra, ¶ 550.02[3]. Moreover, as stated by Plaintiff, a trustee typically has the ability to recover the property transferred, which would allow the estate to benefit from any appreciation. Section 550(e) demonstrates the intent of Congress that any appreciation not attributable to the actions of a good faith transferee inure to the benefit of the estate. Pursuant to § 550(e), a good faith transferee is entitled to a lien to secure the lesser of the cost of any improvements, or an increase in value as a result of such improvements.[7] See 11 U.S.C. § 550(e); see also Collier on Bankruptcy, supra, ¶ 550.02[3].

In sum, while California law governs whether and to what extent a transfer of property is voidable, the value of the avoided transfer, and therefore, the recovery is governed by

---

[6] Collier also notes that this result:

> serves the equitable underpinnings of restorative justice by discouraging a "wait and see" approach by transferee defendants holding property, such as stock, that may be subject to wide, rapid swings in value on account of volatile markets. Likewise, as noted in the legislative record, 'a transferee has an opportunity to benefit by delay, and there are possibilities for abuse where the transferred property is appreciating substantially in value.

Collier on Bankruptcy, supra, ¶ 550.02[3].

[7] Improvements include physical additions or alterations to the property, repairs, the payment of taxes or secured debt, and preservation of the subject property. See 11 U.S.C. § 550(e).

§ 550(a), irrespective of any recovery limitations imposed by California law. Therefore, Plaintiff may avoid the transfer of Debtor's interest in the Property to the extent it involved the transfer of unencumbered, non-exempt equity. Under § 550(a), Plaintiff may recover the property transferred, e.g. the "asset", or the current fair market value of the asset, less the cost or value of improvements, assuming such recovery is for the benefit of the estate. This interpretation is consistent with a plain reading of the Code, the Ninth Circuit's holding in <u>Acequia</u>, and the separation of the concepts of avoidance and recovery. To the extent that the reasoning in <u>Tramiel</u> supports a holding to the contrary, it is unpersuasive and not binding on this court. Accordingly, Plaintiff is entitled to summary judgment that he may recover the current fair market value of the property transferred for the benefit of the estate.

## V.  CONCLUSION

While California law allows Plaintiff to avoid the Transfer only to the extent that Debtor disposed of unencumbered, non-exempt property, California law does not limit Plaintiff's recovery to the value of the "asset" at the time of the Transfer. Rather, Trustee may recover the appreciated value of the asset, provided it is for the benefit of the estate. Accordingly, partial summary judgment is granted for Plaintiff in that Plaintiff's recovery under §§ 544(b) and 550(a) is the value of the equity in the Property at the time of the Transfer, plus any appreciation, less any offset for property improvements.

This memorandum decision shall constitute my findings of

1 | fact and conclusions of law.

Dated: February 5, 2007

_____
JOHN E. RYAN
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

In re

DONALD J. BRUN,

    Debtor.

Case No.    SA 05-18954 JR
Adversary No.  SA 05-01622 JR

NOTICE OF ENTRY OF ORDER

To:

OFFICE OF THE UNITED STATES TRUSTEE
411 West Fourth Street
Santa Ana, CA 92701-8000

LEONARD M. SHULMAN
Shulman Hodges & Bastian LLP
26632 Towne Centre Drive, Suite 300
Foothill Ranch, CA 92610

THOMAS H. CASEY
Law Offices of Thomas H. Casey, Inc.
22342 Avenida Empresa, Suite 260
Rancho Santa Margarita, CA 92688

    You are hereby notified, pursuant to Bankruptcy Rule 9022 that a judgment or order entitled MEMORANDUM OPINION and ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND GRANTING PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT was entered on ____FEB 6 2007_____ .

    I hereby certify that I mailed a copy of this notice to the above-named persons on ____FEB 6 2007_____ .

Dated: FEB 6 2007

                    JON D. CERETTO

                By  _____

                    Deputy Clerk